Matter of Lowrey (2024 NY Slip Op 01222)

Matter of Lowrey

2024 NY Slip Op 01222

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-22-2126
[*1]In the Matter of the Estate of John L. Lowrey, Deceased. David M. Lowrey, Individually and as Executor of the Estate of John L. Lowrey, Deceased, Respondent; Brittany L. Lowrey, Appellant.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Robert L. Greene, New York City, for appellant.
Law Offices of Brian P. Rourke, PC, Liberty (Neil Spector of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Surrogate's Court of Sullivan County (James R. Farrell, S.), entered September 22, 2022, which, in a proceeding pursuant to SCPA article 14, among other things, granted petitioner's motion for summary judgment dismissing the objections to decedent's will.
On March 30, 2017, John L. Lowrey (hereinafter decedent) executed a will in which he named petitioner, his brother, as executor and sole distributee if living. Some two years and 11 months later, decedent died on March 3, 2020. Petitioner thereafter offered the will for probate. Respondent, decedent's daughter, filed objections challenging the validity of the will. Following discovery, which included testimony taken pursuant to SCPA 1404, petitioner moved for summary judgment dismissing respondent's objections and admitting the will to probate. Surrogate's Court granted the motion in its entirety. Respondent appeals.
The appeal must be dismissed.[FN1] "An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof" (CPLR 5513 [a]; see SCPA 102, 2701 [1]). The order on appeal was digitally entered by Surrogate's Court on September 22, 2022 and, although the parties were notified of that fact, "[s]uch notice [does] not constitute service of notice of filing by any party" (22 NYCRR 207.4a [h]).[FN2] The notice of entry was served by counsel for petitioner on September 28, 2022, both electronically (see CPLR 2103 [b] [7]; 22 NYCRR 207.4a [g] [2]) and by regular mail (see CPLR 2103 [b] [2]; 5513 [d]). Accepting that the 30-day deadline in which to file a notice of appeal was extended by five days to account for mail service under those circumstances (but see Woodward v Millbrook Ventures LLC, 148 AD3d 658, 658 [1st Dept 2017]), the time in which to take an appeal would have expired on November 2, 2022 (see General Construction Law § 20). Respondent's notice of appeal is dated November 3, 2022, and respondent does not dispute the assertion of petitioner that it was not filed or served until November 4, 2022. As "[t]he statutory requirements setting forth the time in which to bring an appeal are jurisdictional in nature and must be strictly adhered to," respondent's failure to comply with them requires dismissal (Matter of Brooks v Connolly, 84 AD3d 1612, 1612 [3d Dept 2011]).
We briefly add that, were we to address the merits, we would affirm. "While rare, summary judgment in a contested probate proceeding is appropriate where a petitioner establishes a prima facie case for probate and the objectant does not raise any factual issues regarding testamentary capacity, execution of the will, undue influence or fraud" (Matter of Vosilla, 121 AD3d 1489, 1490 [3d Dept 2014] [citations omitted]; accord Matter of Dralle[*2], 192 AD3d 1239, 1240 [3d Dept 2021]). Petitioner came forward with a variety of proof — including the will with the self-executing affidavit of the two witnesses, the SCPA 1404 testimony of those witnesses, and petitioner's own testimony and affidavits — meeting his initial burden in all respects. In response, respondent conceded that there was no proof of improper execution, and her attempts to raise questions of fact regarding decedent's testamentary capacity, or the existence of undue influence or fraud by petitioner, were unavailing. Although respondent pointed to medical records and other evidence reflecting that decedent had abused alcohol over the years, that did not raise a question as to whether, as both witnesses to the will's execution described in detail, he was lucid and rational at the time he signed it (see Matter of Giaquinto, 164 AD3d 1527, 1529-1530 [3d Dept 2018], affd 32 NY3d 1180 [2019]; Matter of Vosilla, 121 AD3d at 1491-1492). Likewise, neither decedent's failure to make any provision for respondent, from whom the record reflects decedent had been estranged for over 25 years, nor his expression of "a general, rather than a precise, knowledge of the assets in his . . . estate," raised questions regarding his testamentary capacity at the time of the will's execution (Matter of Walker, 80 AD3d 865, 867 [3d Dept 2011], lv denied 16 NY3d 711 [2011]; see Matter of Bush, 85 AD2d 887, 888 [4th Dept 1981]). Finally, respondent's "[m]ere speculation and conclusory allegations [regarding undue influence or fraud by petitioner], without specificity as to precisely where and when the influence was actually exerted," failed to raise a question of fact on that point (Matter of Walker, 80 AD3d at 867). As a result, Surrogate's Court correctly granted petitioner's motion for summary judgment.
Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: We denied petitioner's motion to dismiss the appeal on this ground without prejudice to advancing the argument in his brief (2023 NY Slip Op 72747[U] [3d Dept 2023]).

Footnote 2: Respondent suggests that the notice of entry erroneously gave the order's date of entry as September 22, 2022 because electronic filing of the order was not completed until it was transmitted to the New York State Courts Electronic Filing system on September 27, 2022 (see 22 NYCRR 207.4a [e] [3]; [g]). Entry occurs when an order is "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see SCPA 2501), however, which is distinct from "the electronic transmission of documents through [the New York State Courts Electronic Filing System]" to the court and/or the parties (22 NYCRR 207.4a [b] [4]; see 22 NYCRR 207.4a [b] [1]). The appealed-from order is marked by a date stamp showing that it was digitally entered with the clerk on September 22, 2022, and petitioner correctly gave that date as the date of entry.